**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2829
_____

JOHN CHARLES MAZUKA,
Appellant

v.

AMAZON.COM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:16-cv-00566)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2018

Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed April 12, 2017)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant John Charles Mazuka appeals from the District Court's order

dismissing his second amended complaint. For the reasons stated herein, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mazuka is a former employee of Amazon who began working at one of the company's warehouses in 2009. On April 16, 2015, Mazuka informed his manager about pain he was experiencing in his hip and lower back which made it difficult for him to perform his job duty of "pull[ing] pallets." Second Am. Compl. ¶ 12. His manager then directed him to the Human Resources department to obtain Amazon's Health Care Provider Request for Medical Information form ("Medical Information Form") – a form intended to be completed by an examining doctor who opines on whether the Amazon employee may return to work with or without restrictions – and told him that "[i]f your [d]octor feels that you need work restrictions then Amazon will honor your work restrictions." Id. ¶ 15. Mazuka then went to Human Resources and was "told [] that to obtain the [] Medical Information [F]orm '[he] must fill out another form first and sign the form.'" Id. ¶ 20. Then, "[o]nce [Mazuka] signed the form, [Human Resources] told [him] that [he] just stated to Amazon that [he] was not 100% and that [he] can no longer work for Amazon." Id. ¶ 21. Mazuka was then given a blank copy of the Medical Information Form, and went to see his doctor to have it completed; his doctor indicated on the Medical Information Form that he could return to work but was restricted from lifting or pulling anything over 20 pounds. On April 20, 2015, Mazuka attempted to return to work at Amazon, but he was told that, in light of the work restriction, there was no job available for him that he could perform.

Mazuka filed his complaint in April 2016 bringing a "failure to accommodate" claim under the Americans With Disabilities Act ("ADA"). Amazon filed a motion to

dismiss, and the District Court dismissed the complaint with leave to amend for failure to exhaust administrative remedies.

Mazuka then filed an amended complaint. He did not reassert the ADA claim. He instead brought a common law claim of fraudulent misrepresentation under the theory that his doctor's assessment that he could return to work with restrictions, as well as the manager's statement that Amazon would "honor his work restrictions," were knowing misrepresentations of company policy, and that Amazon, which never had any intention of accommodating any potential work restrictions, induced him to visit his doctor with the expectation that the doctor would impose restrictions that would justify Amazon in terminating his employment. Amazon filed a motion to dismiss, and the District Court dismissed the amended complaint with leave to amend.

Mazuka then filed a second amended complaint, which was substantially similar to the amended complaint. Amazon filed a motion to dismiss, and, on June 23, 2017, the District Court dismissed the second amended complaint for failure to state a claim, this time with prejudice and without leave to amend.

Mazuka then filed in the District Court two separate motions for reconsideration, the second of which was accompanied by a motion for discovery which sought the production of the document he signed before he was able to obtain the Medical Information Form. The District Court denied the first motion for reconsideration; by order dated August 16, 2017, it denied the second motion for reconsideration and the motion for discovery.

3

On August 18, 2017, Mazuka filed his notice of appeal, specifying the August 16, 2017 order. In his appellate brief, however, he primarily challenges the findings of the Magistrate Judge's report and recommendation which formed the basis of the District Court's June 23, 2017 order dismissing the second amended complaint; he also challenges the denial of the discovery motion.[1]

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the order granting Amazon's motion to dismiss the second amended complaint. Grier v.

---

[1] Mazuka also includes in his appellate brief a "Motion for new judges" requesting that his case, in the event that it is remanded to the District Court, be assigned to a different district judge and magistrate judge. He contends that "[he] was not treated fairly" by the judges previously assigned.

[2] Although Mazuka specified the August 16, 2017 order denying the second motion for reconsideration and the motion for discovery in the notice of appeal, he makes no mention of the denial of reconsideration in his brief. He has thus waived any challenge to that ruling. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (explaining that, absent extraordinary circumstances, an appellant's failure to raise and argue an issue in his opening brief results in the waiver of that issue on appeal); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from this requirement). We construe his notice of appeal as also challenging the June 23, 2017 order dismissing the second amended complaint without leave to amend. See Pacitti v. Macy's, 193 F.3d 766, 776 (3d Cir. 1999) (explaining that "we liberally construe" the requirement under Federal Rule of Appellate Procedure 3(c) that "the notice of appeal must 'designate the judgment, order, or part thereof appealed from'"). The notice of appeal was timely filed. See Fed. R. App. P. 4(a)(7)(A)(ii) (explaining that, when Federal Rule of Civil Procedure 58 requires a separate document, and no such document is issued, an order is not considered entered until 150 days run from the order's entry on the docket pursuant to Rule 79(a)); In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006) (stating that in order to satisfy the separate document rule of Federal Rule of Civil Procedure 58(a), "the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims").

Klem, 591 F.3d 672, 676 (3d Cir. 2010). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). We review the District Court's denial of the discovery motion for abuse of discretion. Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 310 (3d Cir. 2011).

The District Court dismissed Mazuka's second amended complaint on two grounds. It concluded that the fraudulent misrepresentation claim – which it described as being "essentially a restatement of his previous disability discrimination claim" – was preempted by the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. § 951, et seq., which provides the exclusive remedy under Pennsylvania law for workplace discrimination, see 43 Pa. C.S. § 962. And it also concluded that, even if the claim were not preempted by the PHRA and could be considered on the merits, Mazuka failed to plausibly state such a claim.

We agree with the District Court that Mazuka's "fraudulent misrepresentation" claim is preempted by the PHRA. In this regard, "the availability of a PHRA remedy precludes other common law remedies even where the statute is not invoked." Wolk v.

5

Saks Fifth Ave. Inc., 728 F.2d 221, 223 n.3 (3d Cir. 1984). And although cast as a fraudulent misrepresentation claim – as stated above, the claim is based on the theory that the doctor's assessment that he could return to work with restrictions, as well as the manager's statement that Amazon would "honor his work restrictions," were knowing misrepresentations of company policy, and that Amazon, which never had any intention of accommodating any potential work restrictions, induced him to visit his doctor with the expectation that the doctor would impose restrictions that would justify Amazon in terminating his employment – the essential conduct of which Mazuka complains is not related to Amazon's alleged misrepresentation of its company policy. It is rather that Amazon discriminated against him in the workplace based on his disability, terminating his employment instead of providing him with an accommodation.[3] Accordingly, because there is no doubt that a remedy is available under the PHRA for an employer's failure to provide an employee with an accommodation for a disability, Mazuka's common law fraudulent misrepresentation claim is preempted by Pennsylvania law. See id.

Because Mazuka's lawsuit is preempted by the PHRA, the District Court did not err when it dismissed the second amended complaint, and it did not abuse its discretion in doing so without leave to amend, see Grayson v. Mayview State Hosp., 293 F.3d 103,

---

[3] It appears that, on August 15, 2016 (four months after Mazuka initiated this lawsuit), Amazon offered Mazuka a "long-term accommodation," which included a job assignment that he could perform with his work restrictions, but that he declined the offer. Second Am. Compl. ¶ 57.

108 (3d Cir. 2002). The District Court also did not abuse its discretion in denying the discovery motion. See Murphy, 650 F.3d at 310.

Consequently, for the reasons stated above, we will affirm the District Court's judgment. The motion for new judges is denied as moot.[4]

---

[4] The motion requests reassignment to a different district judge and magistrate judge *in the event of remand*. We note, in any event, that the record does not support Mazuka's claims of bias.